JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

17-CV-2733

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
PENSION BENEFIT GUARANTY CORPORATION

**DEFENDANTS**
FAY CONSTRUCTION CO., INC.,
as Plan Administrator for the Fay Construction Co., Inc. Pension Plan

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Delaware County
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Ralph L. Landy, Esq.
1200 K Street, N.W., Washington, D.C. 20005
(T)(202) 326-4020, x 3090 (F) (202) 326-4112 (E) landy.ralph@pbgc.gov

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [X] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / **PERSONAL PROPERTY** / ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | [X] 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education / ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | / ☐ 555 Prison Condition | | | |
| | / ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
29 U.S.C. §§ 1342 and 1348(a)
Brief description of cause:
To terminate the Pension Plan.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
**DEMAND $**
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE 6/14/17
SIGNATURE OF ATTORNEY OF RECORD  *Ralph L. Landy*

JUN 16 2017

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

UNITED STATES DISTRICT COURT         17    2733

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: __Pension Benefit Guaranty Corporation, 1200 K Street, N.W., Washington, D.C. 20005__

Address of Defendant: __Fay Construction Co., Inc., 110 Wilton Woods Lane, Media, PA 19063__

Place of Accident, Incident or Transaction: __Defendant's place of business is at 110 Wilton Woods Lane, Media, PA 19063.__
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))     Yes☐  No☒

Does this case involve multidistrict litigation possibilities?     Yes☐  No☒
RELATED CASE, IF ANY:
Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes☐  No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes☐  No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?    Yes☐  No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?    Yes☐  No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)    **Plaintiff is Federal Government**

A. Federal Question Cases:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
    (Please specify) __ERISA__

B. Diversity Jurisdiction Cases:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify) _____

ARBITRATION CERTIFICATION
(Check Appropriate Category)
I, __Ralph L. Landy__, counsel of record do hereby certify:
☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☒ Relief other than monetary damages is sought.

DATE: __6/14/2017__     __Ralph L. Landy__     __PA #41384__
                       Attorney-at-Law         Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __6/14/2017__     __Ralph L. Landy__     __PA #41384__
                       Attorney-at-Law         Attorney I.D.#

JUN 16 2017

CIV. 609 (5/2012)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

PENSION BENEFIT GUARANTY CORPORATION : CIVIL ACTION
v. :
: NO. 17 2733
FAY CONSTRUCTION CO., INC. :

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  (X)

6/16/17        Ralph L. Landy        Pension Benefit Guaranty Corporation
Date           Attorney-at-law       Attorney for

(202) 326-4020 x3090  (202) 326-4112   landy.ralph@pbgc.gov
Telephone            FAX Number       E-Mail Address

(Civ. 660) 10/02

JUN 16 2017

**Civil Justice Expense and Delay Reduction Plan**
**Section 1:03 - Assignment to a Management Track**

(a)  The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)  In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management. In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)  The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)  Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)  Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

**SPECIAL MANAGEMENT CASE ASSIGNMENTS**
**(See §1.02 (e) Management Track Definitions of the**
**Civil Justice Expense and Delay Reduction Plan)**

Special Management cases will usually include that class of cases commonly referred to as "complex litigation" as that term has been used in the Manuals for Complex Litigation. The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985. This term is intended to include cases that present unusual problems and require extraordinary treatment. See §0.1 of the first manual. Cases may require special or intense management by the court due to one or more of the following factors: (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition. It may include two or more related cases. Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues. See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

 

**PBGC**
Protecting America's Pensions

Pension Benefit Guaranty Corporation
1200 K Street, N.W., Washington, D.C. 20005-4026

JUN 1 4 2017

**FEDERAL EXPRESS**

17    2733

United States District Court
Eastern District of Pennsylvania
U.S. Courthouse
601 Market Street, Room 2609
Philadelphia, PA 19106-1797

Re:   *Fay Construction Co., Inc. v. Pension Benefit Guaranty Corporation*

Dear Sir/Madam:

The Pension Benefit Guaranty Corporation ("PBGC") is a wholly-owned United States Government corporation created by Title IV of the Employee Retirement Income Security Act of 1974, *as amended*, 29 U.S.C. §§ 1301-1461 (2012 & Supp. II 2014) ("ERISA"), and an agency of the United States government under 28 U.S.C. § 451, thus we are exempt from filing fees.

Please find enclosed for filing an original and a copy of the Designation Form, and an original copy of the Civil Cover Sheet, Complaint for Pension Plan Termination, and two (2) summonses, as well as, a disk with a pdf file of all the documents. After filing, please kindly return the file-stamp copies in the enclosed pre-paid FedEx envelope.

Please feel free to contact me at (202) 326-4020, ext. 3736, or li.michelle@pbgc.gov, if you have any questions about the Complaint. Should you have any case-related concerns, please contact Attorney Ralph Landy at (202) 326-4020, ext. 3090 or by email at landy.ralph@pbgc.gov

Sincerely,

Michelle Li
Paralegal Specialist
Office of the Chief Counsel

Enclosures

JUN 16 2017



## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PENSION BENEFIT GUARANTY CORPORATION<br>1200 K Street, NW<br>Washington, DC  20005<br><br>                                    Plaintiff,<br><br>v.<br><br>FAY CONSTRUCTION CO., INC.<br>as Plan Administrator for the<br>Fay Construction Co., Inc. Pension Plan<br>110 Wilton Woods Lane<br>Media, Pennsylvania 19063<br><br>                                    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No. **17   2733** |

**COMPLAINT FOR PENSION PLAN TERMINATION**

This action arises under Title IV of the Employee Retirement Income Security Act of 1974, *as amended*, 29 U.S.C. §§ 1301-1461 (2012 and Supp. II 2014) ("ERISA").  Plaintiff, Pension Benefit Guaranty Corporation ("PBGC"), brings this action, pursuant to 29 U.S.C. §§ 1342 and 1348(a), seeking an order (a) terminating the Fay Construction Co., Inc. Pension Plan (the "Pension Plan"); (b) appointing PBGC as statutory trustee of the Pension Plan; (c) establishing June 14, 2017, as the termination date of the Pension Plan; and (d) directing the defendant and any other person or entity having possession, custody, or control of any of the records, assets, or other property of the Pension Plans to transfer, convey and deliver all such records, assets, and property to PBGC, as the statutory trustee upon request under 29 U.S.C. § 1342(d)(1).  Under 29 U.S.C. § 1342, PBGC must bring this action because it has determined that the Pension Plan does not have assets available to pay benefits which are currently due under the Pension Plan, risking the interruption of timely benefit payments to the Pension Plan's retired participants.

1

## JURISDICTION AND VENUE

1. This Court has exclusive jurisdiction of this action pursuant to 29 U.S.C. §§ 1303(e)(3) and 1342(e) and (f).

2. Venue lies in this Court under 29 U.S.C. §§ 1303(e)(2) and 1342(g).

## PARTIES

3. Plaintiff is a wholly owned United States government corporation established under 29 U.S.C. §1302(a) to administer the pension plan termination insurance program created under Title IV of ERISA. When an underfunded pension plan terminates, PBGC ensures the timely and uninterrupted payment of statutorily guaranteed pension benefits to plan participants and their beneficiaries. 29 U.S.C. §§ 1302(a)(2), 1321, 1322.

4. Defendant, Fay Construction Co., Inc. ("Fay"), is a corporation organized under the laws of Delaware. On information and belief, Fay's principal place of business is located at 110 Wilton Woods Lane, Media, Pennsylvania, 19063, in Delaware County.

## THE PENSION PLANS

5. The Pension Plan is a single-employer defined benefit pension plan and is covered under Title IV of ERISA. 29 U.S.C. §§ 1002(35), 1301(a)(15), 1321(a).

6. Fay is the contributing sponsor of the Pension Plan within the meaning of 29 U.S.C. § 1301(a)(13).

7. On information and belief, Fay is the Plan administrator of the Pension Plan within the meaning of 29 U.S.C. §§ 1003(16) and 1301(a)(1).

8. The Pension Plan provides pension benefits to certain present and former employees of Fay and to their beneficiaries. On information and belief, the Pension Plan has four participants, one of whom is retired. PBGC estimates that as of June 14, 2017, the Pension Plan does not have assets available to pay benefits that are currently due to participants.

9. On information and belief, Fay administered the Pension Plan at its offices in Media, Pennsylvania.

## CAUSE OF ACTION

10. On April 3, 2017, PBGC received notice from the Philadelphia regional director of the Employee Benefit Security Administration ("EBSA"), stating that a participant in the Pension Plan complained to EBSA that he did not receive benefit payments from the Pension Plan for two months in 2015.

11. Based on its own investigation and information received from EBSA's senior investigator, PBGC determined that the participant in the Pension Plan who is currently receiving pension benefits ("Eligible Participant") is being paid through Fay's "working capital" account at Merrill Lynch ("Working Capital Account"), and that the current balance in the Working Capital Account is not sufficient to cover the next pension benefit payments due to the Eligible Participant.

12. Neither PBGC nor EBSA could determine if the Pension Plan has any assets in its own accounts.

13. On information and belief, on several occasions, Merrill Lynch has covered overdrafts in the Working Capital Account to allow payments to the Eligible Participant.

14. The next benefit payment to the Eligible Participant is due June 15, 2017.

15. Under 29 U.S.C. § 1342, PBGC must commence proceedings to terminate a plan as soon as practicable after PBGC determines that the plan does not have assets available to pay benefits which are currently due under the terms of the plan.

16. PBGC has determined, pursuant to 29 U.S.C. §§ 1342, that the Pension Plan does not have assets available to pay benefits which are currently due under the terms of the Pension Plan. PBGC also has determined that the Pension Plan's termination date should be June 14, 2017.

17. On June 13, 2017, in accordance with 29 U.S.C. § 1342(c), PBGC issued a Notice of Determination (the "Notice") to Fay, as plan administrator of the Pension Plan, notifying Fay that PBGC had determined that the Pension Plan does not have assets available to pay benefits which are currently due under the terms of the Pension Plan, and that PBGC must therefore commence proceedings to terminate the Pension Plan as soon as practicable. The Notice stated that the Pension Plan's termination date is June 14, 2017. A copy of the Notice is attached hereto as Exhibit 1.

18. On June 13, 2017, PBGC sent a copy of the Notice to each participant by overnight mail at his or her last known address.

19. Under 29 U.S.C. § 1342(c), a district court may order the termination of a pension plan if necessary to protect the interests of participants, to avoid any unreasonable deterioration of the financial condition of the plan, or to avoid any unreasonable increase in liability to the PBGC insurance fund.

20. PBGC has determined that termination of the Pension Plan is necessary to protect the interests of participants.

21. Under 29 U.S.C. § 1348(a)(4), a district court establishes the date of termination of a pension plan covered by Title IV when PBGC and the plan administrator have not agreed on a date of termination.

22. As of the filing of this Complaint, PBGC and the Pension Plan administrator have not agreed on a date of plan termination.

23. June 14, 2017, should be established as the date of plan termination of the Pension Plan pursuant to 29 U.S.C. § 1348(a)(4), because by that date, the Pension Plan's participants received actual or constructive notice of the Pension Plan termination, and they no longer had any justifiable expectations of the Pension Plan's continuation.

24. Under 29 U.S.C. § 1342(c), a trustee for a pension plan shall be appointed by the court upon granting a decree of plan termination. Further, 29 U.S.C. § 1342(c) provides that PBGC may request that it be appointed as trustee of a plan in any case.

25. The PBGC is ready, willing, and able to serve as statutory trustee of the Pension Plan.

### RELIEF REQUESTED

WHEREFORE, PBGC respectfully requests that this Court grant judgment for PBGC and issue an order granting the following relief:

1. Adjudicating the Pension Plan terminated, pursuant to 29 U.S.C. § 1342(c);

2. Appointing PBGC statutory trustee of the Pension Plan, pursuant to 29 U.S.C. § 1342(c);

3. Establishing June 14, 2017, as the termination date of the Pension Plan, pursuant to 29 U.S.C. § 1348(a)(4);

4. Directing Fay and any other person or entity having possession, custody, or control of any records, assets, or other property of the Pension Plan, to transfer, convey, and deliver all such records, assets, and property to PBGC as statutory trustee upon request, pursuant to 29 U.S.C. § 1342(d)(1); and

5

5. Granting such other relief as this Court deems just and proper.

Dated: Washington, D.C.
June 14, 2017

Respectfully submitted,

*Ralph L. Landy*
ISRAEL GOLDOWITZ
Chief Counsel
KARTAR KHALSA
Deputy Chief Counsel
C. WAYNE OWEN
Assistant Chief Counsel
RALPH L. LANDY (PA Bar # 41384)
Attorney

PENSION BENEFIT GUARANTY
CORPORATION
Office of the Chief Counsel
1200 K Street, N.W.
Washington, D.C. 20005-4026
Phone: (202) 326-4020, ext. 3090
Fax: (202) 326-4112
E-mail: landy.ralph@pbgc.gov &
efile@pbgc.gov

6

# Exhibit 1



**PBGC** Pension Benefit Guaranty Corporation
Protecting America's Pensions  1200 K Street, N.W., Washington, D.C. 20005-4026

Mr. Steven Fay
President
Fay Construction Co., Inc.
110 Wilton Woods Lane
Media, PA 19063

EIN/PN: *510309859/001*
PBGC Case Number: *23103800*
Plan Name: *Fay Construction Company, Inc. Pension Plan*

## NOTICE OF DETERMINATION

PLEASE TAKE NOTICE that the Pension Benefit Guaranty Corporation ("PBGC") has determined under section 4042(a) of the Employee Retirement Income Security Act of 1974, *as amended* ("ERISA"), 29 U.S.C. § 1342(a) that the Fay Construction Company, Inc. Pension Plan ("Plan") does not have assets available to pay benefits which are currently due under the terms of the Plan. PBGC has further determined, under ERISA § 4042(c), 29 U.S.C. § 1342(c), that the Plan must be terminated in order to protect the interests of the Plan's participants. Accordingly, PBGC intends to proceed under ERISA § 4042, 29 U.S.C. § 1342, to have the Plan terminated and PBGC appointed as statutory trustee, and under ERISA § 4048, 29 U.S.C. § 1348, to have June 14, 2017 established as the Plan's termination date.

PBGC has completed its decision-making process in this matter; accordingly, this determination is effective on the date it is issued.

PENSION BENEFIT GUARANTY CORPORATION

*Andrea Schneider* (signature)