IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PENSION BENEFIT GUARANTY CORPORATION,<br><br>      Plaintiff,<br><br>      v.<br><br>FAY CONSTRUCTION CO., INC.<br>as Plan Administrator for the<br>Fay Construction Co., Inc. Pension Plan,<br><br>      Defendant. | Case No. 2:17-cv-02733 (GEKP)<br>Honorable Gene E.K. Pratter |

**MOTION FOR JUDGMENT BY DEFAULT**

Plaintiff Pension Benefit Guaranty Corporation ("PBGC") respectfully moves this Court for Judgment by Default against Defendant Fay Construction Co., Inc. ("Fay"), pursuant to Fed. R. Civ. P. 55(b)(2), so that PBGC can assume responsibility for paying guaranteed benefits to participants and beneficiaries of the Fay Construction Co., Inc. Pension Plan ("Pension Plan"). In support of this Motion, the PBGC states as follows:

1. Fed. R. Civ. P. 55(b)(2) provides that a party entitled to judgment by default shall apply to the court.

2. Fay was the contributing sponsor and plan administrator of the Pension Plan.

3. Fay is incorporated under the laws of Delaware, and on information and belief, its principal place of business is located in Media, Pennsylvania.

4. On April 3, 2017, the Philadelphia regional director of the Employee Benefit Security Administration ("EBSA") informed PBGC that a participant in the Pension Plan did not receive his benefit payments from the Pension Plan for two months in 2015.

5. PBGC determined that this participant ("Eligible Participant") has received some payments through Fay's "working capital" account at Merrill Lynch ("Working Capital Account"), and that the current balance in the Working Capital Account may not cover the next pension benefit payments due to the Eligible Participant.

6. PBGC and EBSA could not determine whether the Pension Plan has any assets in its own accounts.

7. On information and belief, Merrill Lynch has covered overdrafts in the Working Capital Accounts on several occasions in order to pay the Eligible Participant.

8. The next benefit payment to the Eligible Participant is due August 15, 2017.

9. On June 13, 2017, PBGC issued a Notice of Determination ("Notice") to Fay, informing Fay that PBGC had commenced proceedings to terminate the Pension Plan based on the lack of assets available to the Pension Plan for making the benefit payments currently due to the participants.

10. Having determined that termination of the Pension Plan was necessary to protect the interests of its participants, PBGC requested the Court to set the Pension Plan's termination date for June 14, 2017.

11. On June 16, 2017, PBGC filed its Complaint in this case, seeking an order (a) terminating the Pension Plan; (b) appointing PBGC as statutory trustee of the Pension Plan; (c) setting the termination date of the Pension Plan as June 14, 2017; and (d) directing the defendant and each other person or entity with possession, custody, or control of any Pension Plan records, assets, or property to transfer, convey, and deliver all such items to PBGC.

12. On information and belief, as of June 16, 2017, Fay still was conducting business, and was not legally dissolved.

13. On June 26, 2017, PBGC served a Summons and copy of the Complaint on Fay through its registered agent, The Company Corporation ("ComCorp"), at its principal business address, 251 Little Falls Drive, Wilmington, Delaware 19808.

14. On June 28, 2017, a Proof of Service upon Fay was filed with the Court, in accordance with Fed. R. Civ. P. 4(*l*). (*See* Docket No. 2).

15. Fay did not answer or otherwise respond to the Complaint by July 17, 2017, which was the final date within the 21-day time period required by Fed. R. Civ. P. 12(a) for such service.

16. On July 18, 2017, PBGC requested that the Clerk of Court enter a default against Fay, in accordance with Fed. R. Civ. P. 55(a). (Docket No. 4).

17. On July 18, 2017, the Court entered a default against Fay.

The attached Memorandum of Law in Support of Motion and Declaration explain the grounds for this Motion with more particularity.

WHEREFORE: Plaintiff PBGC moves this Court for entry of Judgment by Default against Fay in accordance with Fed. R. Civ. P. 55(b)(2) and seeks an order: (1) terminating the Pension Plan; (2) appointing PBGC as the Pension Plan's trustee; (3) establishing June 14, 2017, as the Pension Plan's termination date; and (4) directing Fay and all persons or entities with possession, custody, or control of plan assets, records, or documents to transfer, convey, and deliver all such items to PBGC.

Dated: July 25, 2017  
       Washington, D.C.

/s/ Ralph L. Landy  
JUDITH R. STARR  
General Counsel  
KARTAR KHALSA  
Deputy General Counsel  
C. WAYNE OWEN, JR.  
Assistant General Counsel  
RALPH L. LANDY  
Attorney  
Attorneys for Plaintiff  
PENSION BENEFIT GUARANTY CORPORATION  
Office of the General Counsel  
1200 K Street, N.W.  
Washington, D.C. 20005-4026  
Phone: (202) 326-4020 ext. 3090  
FAX:   (202) 326-4112  
E-mail: landy.ralph@pbgc.gov