IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PENSION BENEFIT GUARANTY CORPORATION )<br>)<br>   Plaintiff,       )<br>)<br>   v.             )<br>)<br>FAY CONSTRUCTION CO., INC.   )<br>as Plan Administrator for the   )<br>Fay Construction Co., Inc. Pension Plan,  )<br>)<br>   Defendant.       )<br>) | Case No. 2:17-cv-02733 (GEKP)<br>Honorable Gene E.K. Pratter |

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR JUDGMENT BY DEFAULT**

Under 29 U.S.C. § 1342(a) (2012 and Supp. II 2014), the Pension Benefit Guaranty Corporation ("PBGC") must institute proceedings to terminate a single-employer pension plan whenever it determines "that the plan does not have assets available to pay benefits which are currently due under the terms of the plan," so that participants receiving benefits from the plan do not risk benefit interruptions. PBGC has determined that the Fay Construction Co., Inc. Pension Plan (the "Plan") does not have sufficient assets available to pay benefits that are currently due to a retired participant. That participant is receiving benefit payments from an account in the plan sponsor's name, leaving him at risk of a benefit interruption unless that account has sufficient assets to cover the benefit due. Accordingly, PBGC asks this Court, pursuant to 29 U.S.C. §§ 1342 and 1348(a), for an order granting PBGC's motion for judgment by default that: (i) terminates the Pension Plan; (ii) appoints PBGC as the Pension Plan's statutory trustee; (iii) establishes June 14, 2017, as the Pension Plan's termination date; and (iv)

directs defendant Fay Construction Co., Inc. ("Fay") and each other party with possession, custody, or control of any of the records, assets, or other property of the Pension Plan to transfer, convey, and deliver all such records, assets, and property to PBGC. PBGC submits this Memorandum of Law in support of its motion, as Fed. R. Civ. P. 55(b)(2) requires.

## Background

PBGC is a wholly owned United States government corporation that administers the defined benefit pension plan termination insurance program under Title IV of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1301-1461. PBGC will become the trustee of an underfunded pension plan when it terminates and, in an uninterrupted and timely manner, will pay the benefits owed by the plan with the agency's own insurance funds. *See* 29 U.S.C. §§ 1321-1322, 1342, 1361.

Fay is a corporation formed under the laws of Delaware.  On information and believe, Fay's principal place of business is in Media, Pennsylvania. On information and belief, Fay is the contributing sponsor and Plan administrator of the Pension Plan as those terms are defined in ERISA. *See* 29 U.S.C. § 1301(a)(13); *see also* 29 U.S.C. §§ 1003(16) and 1301(a)(1). The Pension Plan is a single-employer defined benefit pension plan covered under Title IV of ERISA, and currently provides benefits to four participants. 29 U.S.C. §§ 1002(35), 1301(a)(15), 1321(a). The participants include present and former employees of Fay.  One participant is now retired and is eligible for benefit payments from the Pension Plan.

On April 3, 2017, the Philadelphia regional director of the Employee Benefit Security Administration ("EBSA") notified PBGC that the retired participant in the Pension Plan did not receive his benefit payments for two months in 2015. Based on information given by EBSA, and its own investigation of the matter, PBGC determined that Fay has been providing this

participant ("Eligible Participant") with his benefit payments through a "working capital" account at Merrill Lynch (the "Working Capital Account"). PBGC also found that Merrill Lynch has covered overdrafts in the Working Capital Account to allow payment to the Eligible Participant, and that account's most current balance may be insufficient to make the next pension benefit payment due to the Eligible Participant on August 15, 2017.

PBGC and EBSA could not determine whether the Pension Plan has assets in its own accounts. PBGC thus concluded that as of June 14, 2017, the Pension Plan did not have sufficient funds available to pay the benefits currently due to the Eligible Participant under its terms. *See* 29 U.S.C. 1342. Because benefit payments to the Eligible Participant, and any other participant who becomes eligible in the future, appear to depend on sufficient funds to cover them being available in the Working Capital Account, those participants risk further interruption of timely benefit payments due them. Terminating the Pension Plan and appointing PBGC statutory trustee are therefore necessary to protect the participants' interests under the Pension Plan and ERISA.

On June 13, 2017, PBGC issued a Notice of Determination ("Notice") to Fay, as Plan administrator, informing Fay that the agency had determined that the Pension Plan had insufficient assets available to fulfill its payment obligations under ERISA and the terms of the Plan. The Notice also communicated that in accordance with 29 U.S.C. § 1342(a), PBGC had initiated proceedings to terminate the Pension Plan as soon as practicable, with a requested termination date of June 14, 2017.

On June 16, 2017, PBGC filed its Complaint in this case, seeking an order:
(i) terminating the Pension Plan; (ii) appointing PBGC as statutory trustee of the Pension Plan; (iii) establishing June 14, 2017 as the Pension Plan's termination date; and (iv) requiring that Fay

and each other person or entity having possession, custody, or control of any records, assets, documents, or property belonging or relating to the Pension Plan to transfer, convey, and deliver all such items to PBGC. On information and belief, on the filing date, Fay was still operating its business, and had not legally dissolved.

On June 26, 2017, PBGC served a Summons and copy of the Complaint upon Fay through its registered agent, The Company Corporation ("ComCorp"), at the registered agent's principal business address, 251 Little Falls Drive, Wilmington, Delaware 19808. *See* Fed. R. Civ. P. 4(h). In accordance with Fed. R. Civ. P. 4(*l*), PBGC filed a Proof of Service upon Fay in this Court on June 28, 2017.

Fed. R. Civ. P. 12(a) required Fay to answer the Summons and Complaint within 21 days of receiving them: In this case, such response was due on or before July 17, 2017. Fay did not serve any answer or response to the Complaint filed against it within that time period.

Hence, PBGC filed a Request for Entry of Default with the Clerk of this Court on July 18, 2017, pursuant to Fed. R. Civ. P. 55(a). On July 18, 2017, the Court entered such default against Fay.

## Argument

**The court's factors for granting default judgment are satisfied.**

The decision to grant or deny a default judgment is within the district court's discretion.[1] The Third Circuit requires a district court to consider a number of factors before entering a default judgment.[2] The three principal factors are: "whether the plaintiff will be prejudiced if the default is denied; (ii) whether the defendant has a meritorious defense; and (iii) whether the

---

[1] *United States v. $55,108.05 in U.S. Currency*, 728 F.2d 192, 194-5 (3d Cir. 1984).
[2] *See Eastern Elec. Corp. of N.J. v. Shoemaker Constr. Co.*, 657 F. Supp. 2d 545, 551-552 (E.D. Pa. 2009).

4

default was the product of defendant's culpable conduct."[3]  The district court may, when appropriate, consider "the effectiveness of alternative sanctions."[4]  The Third Circuit requires "doubtful cases to be resolved in favor of the party moving to set aside the default judgment."[5]

As shown below, all of the four factors support granting default judgment against Fay.

### a. PBGC and plan participants will be prejudiced if default judgment is delayed or denied.

Here, both PBGC and plan participants, especially the Eligible Participant, will be prejudiced if default judgment is delayed or denied.  While delay in realizing satisfaction on a claim may not, by itself, meet the necessary bar for granting a default judgment,[6] here, delay or denial of a default judgment will force PBGC to wait to assume responsibility for the Pension Plan, increasing the risk that the Eligible Participant will suffer a benefit interruption.

Under 29 U.S.C. §§ 1342(a)(2) and (c), PBGC must apply to an appropriate United States district court for a mandatory termination order for a pension plan covered by Title IV of ERISA as well as for appointment as trustee of the plan, if PBGC determines that "the plan will be unable to pay benefits when due" and that "the plan must be terminated in order to protect the interests of the plan participants." *See id.*  In its Complaint, PBGC requested an order terminating the Pension Plan, appointing PBGC as the Pension Plan's statutory trustee, establishing June 14, 2017, as the Pension Plan's termination date, and directing all parties with possession, custody, and control of the Plan's records, assets, documents, or property to transfer, convey, and deliver those items to PBGC.  The Complaint listed PBGC's determinations that the Pension Plan lacks

---

[3] *Chamberlin v. Giampapa,* 210 F.3d 154, 164 (3d Cir. 2000); *$55,518.05 in U.S. Currency*, 728 F.2d at 195.
[4] *EMCASCO Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987).
[5] *$55,518.05 in U.S. Currency,* 728 F.2d at 194-5.
[6] *Feliciano v. Reliant Tooling Co., Ltd.*, 691 F.2d 653, 656-7 (3d Cir. 1982).

the available assets necessary to pay the benefits currently due to the participants, and that the Eligible Participant's benefit payments are being made using the plan sponsor's assets through an account that may not have sufficient funds to cover a benefit payment. Based on those determinations, PBGC determined that the Pension Plan must be terminated to protect the interests and rights of the Plan's participants.

Under 29 U.S.C. § 1348(a)(4), the Court establishes a termination date for a single-employer pension plan terminated under § 1342 if PBGC and the plan administrator cannot agree to one. Because Fay has not agreed to a termination date, PBGC asked this Court to set June 14, 2017, the Pension Plan's termination date.

The Pension Plan's participants received actual or constructive notice on June 14, 2017, that PBGC had moved to terminate the Pension Plan. Since PBGC notified the Pension Plan's participants on June 14, 2017 that the Pension Plan does not possess sufficient assets to pay currently outstanding benefits as they become due, the participants' justifiable expectations of the Plan's continuation ended on that date.[7]

### b. Defendant does not have a meritorious defense.

The Third Circuit requires a party wishing to prove a meritorious defense to allege specific facts that stretch "beyond [a] general denial," and the party cannot rest solely "on the mere recitation of the relevant statutory language or a phrase in the Federal Rules of Civil

---

[7] *United Steelworkers of Am. v. Harris & Sons Steel Co.*, 706 F.2d 1289, 1301 (3d Cir. 1983); *In re Syntex Fabrics, Inc. Pension Plan*, 698 F.2d 199, 203-04 (3d Cir. 1983); *PBGC v. Heppenstall Co.*, 633 F.2d 293, 301-02 (3d Cir. 1983); *see also PBGC v. Republic Tech. Int'l, LLC*, 386 F.3d 659, 665-66 (6th Cir. 2004), and *Pension Comm. for Farmstead Foods Pension Plan v. PBGC*, 991 F.2d 1415, 1419-20 (8th Cir. 1993); *PBGC v. Mize Co.*, 987 F.2d 1059, 1062-63 (4th Cir. 1993); *In re Pension Plan for Employees of Broadway Maint. Corp.*, 707 F.2d 647, 652-53 (2d Cir. 1983).

Procedure."[8]  Here, Fay never responded to PBGC's claims, and has not asserted *any* defense.  Failure to assert a defense constitutes failure to assert a meritorious defense to PBGC's claims.[9]

### c. Default was the product of Fay's culpable conduct.

In the Third Circuit, culpable conduct relates only to "actions taken willfully or in bad faith."[10]  For example, courts in this circuit will not enter a default judgment if a defendant does not timely answer a complaint that was improperly served.[11]  But here, there is no excuse for Fay's default apart from its own conduct.

As stated above, on June 26, 2017, PBGC served the summons and complaint upon ComCorp, Fay's registered agent.  Under Delaware law, every corporation incorporated in Delaware must have and maintain a registered agent there to, among other things, "accept service of process" and "forward same to the corporation to which the service . . . is directed."[12]  That provision does not require a plaintiff to mail copies of the summons and complaint to the defendant corporation if the registered agent is served.[13]  Thus, on June 26, 2017, PBGC properly served Fay through its registered agent, in accordance with Fed. R. Civ. P. 4(h)(1)(B).  Since that date, neither Fay nor any attorney representing Fay has filed an appearance in this action, let alone answer or otherwise respond to PBGC's complaint.  This constitutes Fay's culpable conduct resulting in its default.[14]

---

[8] *$55,518.05 in U.S. Currency*, 728 F.2d at 195-6.
[9] *See Eastern Electric*, 657 F. Supp. 2d at 553.
[10] *Gross v. Stereo Component Sys., Inc.*, 700 F.2d 120, 124 (3d Cir. 1983).
[11] *Mike Rosen & Assocs., P.C. v. Omega Builders, Ltd.*, 940 F. Supp. 115, 118 (E.D. Pa. 1996).
[12] 8 Del. Code § 132(a), (b)(1), (3) (2010).
[13] *Id.*
[14] *See Eastern Electric*, 657 F. Supp. 2d at 553-4.

### d. There are no appropriate or sufficient alternative sanctions.

In *EMCASCO*, the Third Circuit reversed the granting of a default judgment when the district court only considered the defendant's culpable conduct, on the theory that default should be "a sanction of last, not first, resort."[15] The *EMCASCO* court encouraged district courts to consider whether or not alternative sanctions would be appropriate or sufficient in a default situation.[16]

Here, there are no alternative sanctions that are appropriate or sufficient to provide the necessary relief. When a pension plan does not have sufficient assets available to pay benefits that are immediately due to its participants and their beneficiaries, 29 U.S.C. § 1342(a) mandates PBGC to, as soon as practicable, begin proceedings to terminate the plan to assure timely and uninterrupted payment of those benefits. PBGC has done this, and Fay has not responded. The only appropriate sanction here is for the Court to grant PBGC's Motion for Judgment by Default. Granting default judgment will allow PBGC to assume responsibility for paying guaranteed

---

[15] *EMCASCO*, 834 F.2d at 75.
[16] *Id.* at 74.

benefits to the Eligible Participant and to any other participant who becomes eligible for benefits from the Pension Plan, and thus eliminates the risk of benefit interruption.

Dated: July 25, 2017                                         /s/ Ralph L. Landy
                                                                                    JUDITH R. STARR
                                                                                    General Counsel
                                                                                    KARTAR KHALSA
                                                                                    Deputy General Counsel
                                                                                    C. WAYNE OWEN, JR.
                                                                                    Assistant General Counsel
                                                                                    RALPH L. LANDY
                                                                                    Attorney
                                                                                    Attorneys for Plaintiff
                                                                                    PENSION BENEFIT GUARANTY
                                                                                    CORPORATION
                                                                                    Office of the General Counsel
                                                                                    1200 K Street, N.W.
                                                                                    Washington, D.C. 20005-4026
                                                                                    Phone: (202) 326-4020 ext. 3090
                                                                                    FAX:   (202) 326-4112
                                                                                    E-mail: landy.ralph@pbgc.gov